## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CARL DOUGLAS NECAISE**                                          **PLAINTIFF**

**v.**                                          **CIVIL NO. 1:24-cv-00319-HSO-BWR**

**TODD N. THRIFFILEY, et al.**                                          **DEFENDANTS**

### ORDER OF DISMISSAL

This matter is before the Court sua sponte for consideration of dismissal. When he filed his Complaint on October 16, 2024, pro se Plaintiff Carl Douglas Necaise ("Necaise" or "Plaintiff") was a pretrial detainee housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi. Compl. [1] at 1, 4. His claims arise under 42 U.S.C. § 1983, and he names Todd N. Thriffiley and the State of Mississippi as Defendants. *Id*. at 1; Order [13]. Necaise is proceeding *in forma pauperis*. Order [5]. The Court finds that Necaise's claims arising under § 1983 should be dismissed with prejudice as frivolous and for failure to state a claim, and that any claims arising under state law should be dismissed without prejudice.

### I. BACKGROUND

Necaise is "a 74 year old disable[d] senior citizen," Compl. [1] at 4, who had been incarcerated for ten months by the time he filed his Complaint, Mot. [2] at 1. During that time, Defendant Todd N. Thriffiley ("Thriffiley"), a public defender, was appointed by the Harrison and Hancock County Circuit Courts to represent Necaise in two criminal cases. Compl. [1] at 1, 4; Resp. [7] at 1-2. In Harrison County, Plaintiff was indicted as a habitual offender for multiple driving-under-the-

influence ("DUI") offenses. *State of Miss. v. Necaise*, No. 24CI1:25-cr-00051 (Harrison Cnty. Cir. Ct., Feb. 17, 2025) (Doc. 2).[1]  Necaise claims that he was arrested in Hancock County for "molest[ing] a homeless friend that was living in [his] car with [him]," Resp. [7] at 1, but he has not been indicted on that charge, Resp. [7-2] at 25-26.

Necaise alleges that Thriffiley provided "inefective [*sic*] assistence [*sic*] of counsel" by "not helping . . . Necaise with anything."  Compl. [1] at 4.  He complains that Thriffiley did not secure "a bond reduction" or file "a motion for speedy trial" in the Harrison County case, *id*., and that Thriffiley used Chief Deputy Public Defender Angela Broun to "[trick Necaise] into [signing] a waiver" of his arraignment, *id*.; Letter [10] at 4.  For the Hancock County case, Necaise claims that Thriffiley rarely came to see him, "nor could [he] ever get [Thriffiley] on the phone."  Resp. [7-2] at 24.  When they did speak, Thriffiley "tr[ied] his best to get . . . Necaise to plead guilty."  Letter [12] at 2.  Based on these events, Necaise believes that Thriffiley was "trying to send [him] to prison [and] not defend [him] from prison."  Compl. [1] at 4.  Necaise is suing the State of Mississippi because Harrison County Circuit Court Judge Lisa Dodson initially refused to provide him with another appointed lawyer.  Resp. [7] at 4-5.

On October 6, 2025, Necaise pled guilty to Felony DUI (4th Offense) as a habitual offender in the Harrison County Circuit Court, *Necaise*, No. 24CI1:25-cr-

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

00051 (Doc. 32 at 1), and he was sentenced to serve ten years day-for-day in the custody of the Mississippi Department of Corrections "without hope of parole or early release," *Necaise*, No. 24CI1:25-cr-00051 (Doc. 44 at 2 (emphasis omitted)). There is no evidence in this record or in the state-court record that Necaise's Harrison County conviction has been reversed, expunged, declared invalid, or otherwise called into question.  By the time of Necaise's guilty plea and sentencing in Harrison County, Thriffiley had been terminated as his counsel of record, and Broun was substituted in his place.  *Necaise*, No. 24CI1:25-cr-00051 (Doc. 26); Letter [10] at 8.

Necaise wants "the State of Mississippi . . . to pay [him] . . . for every day [he] has been . . . in jail."  Compl. [1] at 4.  He also requests $250,000.00, which was the amount of his bond in Harrison County, because Thriffiley kept him from "bond[ing] out of [the] Harrison County Jail."  *Id.*

## II. <u>DISCUSSION</u>

### A.    <u>The Prison Litigation Reform Act</u>

Because Necaise is proceeding *in forma pauperis*, Order [5], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq*.  The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in either law or fact."  *Fountain v. Rupert*, 819 F. App'x 215,

218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the case sua sponte.

B.   <u>Analysis</u>

1.   <u>Claims arising under § 1983</u>

The Court concludes that Plaintiff's federal claims against Thriffiley fail for multiple reasons. First, the allegations against Thriffiley arising from his representation in the Harrison County case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the

4

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotations omitted). "This requirement or limitation has become known as the favorable termination rule." *Id*. (quotation omitted).

Necaise asks the Court to conclude that he pled guilty and was convicted and sentenced in Harrison County, despite Thriffiley's ineffective assistance of counsel. Yet a finding in his favor on this point would necessarily imply the invalidity of that conviction and sentence, neither of which has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Thus, Necaise cannot maintain his ineffective-assistance claim against Thriffiley with respect to the Harrison County case. *E.g.*, *Claiborne v. Pickard*, No. 5:14-cv-00028-DCB-MTP, 2014 WL 2207992, at *2 (S.D. Miss. May 28, 2014) (dismissing ineffective-assistance-of-counsel claim under *Heck*); *Carter v. Westbrook*, No. 3:12-cv-00666-CWR-FKB, 2013 WL 1891288, at *2-3 (S.D. Miss. May 6, 2013) (same). This claim must be dismissed with prejudice as frivolous and for failure to state a claim "until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Second, the allegations against Thriffiley arising from his representation in both the Harrison and Hancock County cases must fail because Necaise has not

shown that Thriffiley was acting under color of state law.  To maintain an action under § 1983, Necaise must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  "The court-appointed attorney, like any retained counsel, serves his client" and "not the state." *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976).  "The ancillary fact that the court has a hand in providing counsel does not demonstrate state action sufficient to support a claim against a public defender under § 1983." *Williams v. Shireman*, No. 1:23-cv-00104-LG-BWR, 2024 WL 758542, at *2 (S.D. Miss. Feb. 23, 2024) (quotation and alteration omitted). Here, "[t]here is no indication that [Thriffiley was] serving in any other function than that of a traditional criminal defense attorney when representing [Necaise]." *Searcy v. Trochesset*, No. 21-40500, 2022 WL 3096849, at *2 (5th Cir. Aug 3, 2022).

Plaintiff broadly alleges a conspiracy between Thriffiley and Hancock County officials to prosecute him for the child-molestation charge.  Resp. [7-2] at 24.  A criminal defense attorney may be held liable under § 1983 "when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984).  But Plaintiff admits that he was never indicted on the child-molestation charge in Hancock County.  *See Hale v. Townley*, 45 F.3d 914, 920

(5th Cir. 1995) ("[A] conspiracy claim is not actionable without an actual violation of section 1983." (quotation omitted)).  In any event, "generalized allegations of concerted action . . . are insufficient to establish the existence of a conspiracy." *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014).  Necaise's allegations against Thriffiley "at best boil down to professional malpractice, which is insufficient to render [him] amenable to suit under § 1983." *Kimble v. Jefferson Par. Sheriff's Off.*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023); *see also Flores v. Matthews & Branscomb*, 246 F. App'x 259, 259 (5th Cir. 2007) ("[A] state-law claim against . . . attorneys for professional misconduct is not a basis for § 1983 relief.").  Necaise's § 1983 claims against Thriffiley must be dismissed as frivolous and for failure to state a claim.

Likewise, Necaise "cannot sue the State of Mississippi under § 1983 because it is not a 'person' for purposes of that statute." *Jackson v. Miss.*, No. 5:12-cv-00094-DPJ-FKB, 2012 WL 5185726, at *1 (S.D. Miss. Oct. 18, 2012) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  So his claims against the State of Mississippi should likewise be dismissed with prejudice as frivolous and for failure to state a claim.  *Smith v. Mgmt. and Training Corp.*, No. 3:17-cv-00629-CWR-FKB, 2017 WL 5078778, at *2-3 (S.D. Miss. Nov. 3, 2017).

2.    Claims arising under state law

The Court is mindful that the pleadings of a pro se litigant are entitled to liberal construction.  *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007).

Thus, it has considered that Necaise might have intended to raise a legal-malpractice claim under state law.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c).

"[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claim] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quotation and ellipsis omitted)). In determining whether to exercise supplemental jurisdiction, a court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)

Since the Court will dismiss every claim over which it had original jurisdiction, it will decline to exercise supplemental jurisdiction over any ancillary state-law claims. This case will be dismissed at the screening stage under § 1915,

and none of the Defendants have been served with process.  The parties have conducted no discovery and filed no dispositive motions.  Moreover, "[a] state court is in a better position to adjudicate [Necaise's] claims arising under state law." *Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL 2386706, at \*8 (S.D. Miss. Mar. 6, 2023).  Necaise's state-law claims, if any, will therefore be dismissed without prejudice.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.").

<div align="center">III. <u>CONCLUSION</u></div>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Carl Douglas Necaise's claims arising under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any state-law claims raised in Necaise's Complaint are **DISMISSED WITHOUT PREJUDICE**.

A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 7th day of April, 2026.

<div align="center" style="margin-left:40%;">

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

</div>

<div align="center">9</div>